IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
AMARILLO DIVISION

| | | |
|---|---|---|
| NEWCRESTIMAGE HOLDINGS, LLC, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | 2:23-cv-039-BR |
| THE TRAVELERS LLOYDS INSURANCE COMPANY, | § § § § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER GRANTING DEFENDANT'S MOTION TO PRECLUDE ATTORNEYS' FEES

Before the Court is The Travelers Lloyds Insurance Company's Motion to Preclude Attorneys' Fees[1] under § 542A.007 of the Texas Insurance Code. (ECF 22). After considering the Motion, response, reply, and applicable law, the Motion is GRANTED.[2]

The Court acknowledges at the outset that interpretations of Chapter 542A of the Texas Insurance Code and specifically § 542A.007, enacted in 2017, are still being developed. Nevertheless, it is clear that: (1) NewcrestImage failed to provide presuit notice, (2) Travelers timely pleaded and proved it was entitled to presuit notice in its Original Answer, and (3) the Court's conclusions are consistent with the legislative intent of Chapter 542A.

---

[1] The Court will follow Judge Edison's lead on how to properly refer to the fees awarded to attorneys. *See Estate of Terry Gentry v. Hamilton-Ryker IT Sols.*, 2023 WL 5018432, at *1 n.2 (S.D. Tex. Aug. 7, 2023) (Edison, J.) (In discussing the inconsistencies about how to manage apostrophes and plurals when referring to the fees awarded to attorneys, Judge Edison concluded his 700-word footnote as follows: "I will use 'attorney's fees' to refer to fees sought by one lawyer and 'attorneys' fees' to refer to fees sought by more than one lawyer. I will eschew entirely 'attorney fees' and 'attorneys fees.' Now, back to the show.").

[2] Other judges in the district have also granted motions to deny attorney's fees in similar circumstances. *See M Central Residences Condominium Ass'n Inc. v. Technology Ins. Co., Inc.*, 2023 WL 4089388, at *1, n.1 (N.D. Texas Jun. 20, 2023) (Fitzwater, J.); *Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *1 (N.D. Tex. Feb. 28, 2022) (Brown, J.).

1

## I.     BACKGROUND

This is an insurance coverage action brought by NewcrestImage Holdings, LLC, Supreme Bright Amarillo II, LLC, and Construction, LLC, collectively NewcrestImage, the insureds, against Travelers, the insurer, which Travelers removed based on diversity jurisdiction. (ECF 1). The parties dispute insurance coverage for damage to NewcrestImage's commercial property, the Embassy Suites in downtown Amarillo, Texas, caused by Winter Storm Uri in February of 2021. (ECF 1-4). NewcrestImage submitted several claims for insurance coverage following the freeze—this lawsuit specifically stems from damage to the roof-mounted HVAC units. (*See id.*). NewcrestImage submitted a sworn proof of loss in March of 2022, itemizing losses of $1,538,502.61. (*See* ECF 27, App'x 31). On November 28, 2022, Travelers denied the claim and determined that the damage to the roof-mounted HVAC units stemmed from overworking after the freeze event and not due to the freeze event itself. (ECF 26 at 3; ECF 28 at 2). There is no indication in the record that the parties were in contact with each other between the date of denial, November 28, 2022, and the date NewcrestImage filed this lawsuit against Travelers on February 7, 2023. (*See id.*).

NewcrestImage originally filed suit in state court in Potter County, Texas on February 7, 2023, alleging breach of contract and breach of the duty of good faith and fair dealing. (ECF 1-4). Within the Original Petition, NewcrestImage attempted to provide presuit notice of their intent to pursue claims under Chapters 541 and 542A of the Texas Insurance Code. (*Id.*). On March 6, 2023,[3] Travelers filed its Original Answer in state court—pleading and proving it did not receive the required presuit notice. (ECF 1-7). Travelers removed the case to this Court on

---

[3] Travelers' Attorneys' Fees Motion says its Original Answer was filed on March 3, 2023; however, the Potter County filing stamp indicates Travelers' Original Answer was filed March 6, 2023. (ECF 1-7 at 1). Accordingly, the Court will treat March 6, 2023 as the correct date for the filing of the Original Answer.

March 13, 2023. (ECF 1). On May 3, 2023, NewcrestImage filed their Amended Complaint, adding their claims under Chapter 541 and Chapter 542A of the Texas Insurance Code, as promised in their Original Petition. (ECF 16). Subsequently, on May 17, 2023, Travelers filed its Amended Answer to NewcrestImage's Amended Complaint—again pleading and proving it did not receive presuit notice. (ECF 17). Finally, on June 7, 2023, Travelers filed its Attorneys' Fees Motion. (ECF 22).

Travelers' Attorneys' Fees Motion asserts that NewcrestImage failed to provide Travelers with the statutorily required presuit notice pursuant to Chapter 542A of the Texas Insurance Code before filing suit. (ECF 22 at 1). Travelers' Motion asks the Court to deny NewcrestImage's attorneys' fees after Travelers filed its Original Answer because: (1) NewcrestImage failed to comply with the presuit notice requirements in Chapter 542A; and (2) Travelers pleaded and proved in Section II of its Original Answer that NewcrestImage failed to provide the required presuit notice. (*Id.*; ECF 1-7 at 1–2). In response, NewcrestImage makes three arguments.

First, NewcrestImage argues that they gave Travelers the appropriate presuit notice under § 542A.003 in their Original Petition. (ECF 26 at 7; *see* ECF 1-4 at 12–13); Tex. Ins. Code § 542A.003. Specifically, NewcrestImage argues that the sections of their Original Petition titled "NOTICE OF INTENT TO PURSUE CLAIM UNDER CHAPTER 541 OF THE TEXAS INSURANCE CODE" and "NOTICE OF INTENT TO PURSUE CLAIM UNDER CHAPTER 542A OF THE TEXAS INSURANCE CODE" qualify as presuit notice. (*See* ECF 1-4 at 12–13).

Second, NewcrestImage argues Travelers did not comply with Chapter 542A by filing its Attorneys' Fees Motion within 30 days of its original answer.[4] (ECF 26 at 4). Essentially,

---

[4] Travelers, in both its Original Answer (ECF 1-7) and its First Amended Answer (ECF 17), specifically denied that NewcrestImage provided the statutorily required presuit notice contained in the Texas Insurance Code. Then,

NewcrestImage argues that Travelers' specific denial in its answer that NewcrestImage had not provided the required presuit notice is not sufficient to satisfy § 542A.007(d). Specifically, NewcrestImage argues that Travelers' Attorneys' Fees Motion needed to be filed within 30 days of Travelers' Original Answer. The crux of the issue is whether Travelers' specific denial, pleading and proving that it did not receive presuit notice, in its Original Answer was sufficient to deny NewcrestImage their attorneys' fees after March 6, 2023—the date Travelers filed its Original Answer. Or, whether Travelers was required to separately file its Attorneys' Fees Motion within 30 days of its Original Answer. Critically, in its Motion, Travelers asks the Court to deny NewcrestImage's attorneys' fees after the date of its answer, not the date of its Motion. (ECF 22 at 5).

Finally, NewcrestImage argues Travelers' motion is inconsistent with the statutory intent of Chapter 542A of the Texas Insurance Code. (ECF 26 at 10).

## II.   APPLICABLE LAW

The parties do not present any *Erie*-related arguments in their briefing regarding whether the relevant state law provisions are substantive or procedural. But, as a threshold matter, the relevant state law provisions at issue from the Texas Insurance Code have been construed as substantive by other judges in the district, and thus applicable in cases like this one that was removed based on diversity of citizenship.[5]

---

Travelers filed its Attorneys' Fees Motion seeking to have the Court make a ruling on NewcrestImage's ability to recover their attorneys' fees—the Motion before the Court. (ECF 22).

[5] *See*, *e.g.*, *Carrizales v. State Farm Lloyds*, 2018 WL 1697584 (N.D. Tex. Apr. 6, 2018) (Ramirez, J.); *M Central Residences Condominium Ass'n Inc. v. Technology Ins. Co., Inc.*, 2023 WL 4089388, at *2 (N.D. Texas Jun. 20, 2023) (Fitzwater, J.); *Jordan Indus., LLC v. Travelers Indem. Co. of Am.*, 2022 WL 2719630, at *3 (N.D. Tex. Apr. 12, 2022) (Ray, J.); *Gateway Plaza Condo v. The Travelers Indem. Co. of Am.*, 2019 WL 7187249, at *1 n.1 (N.D. Tex. Dec. 23, 2019) (Scholer, J.); *Tadeo v. Great N. Ins. Co.*, 2020 WL 4284710, at *9 (N.D. Tex. Jul. 27, 2020) (Fish, J.).

Chapter 542A of the Texas Insurance Code applies "to any first party claim 'made by an insured under an insurance policy providing coverage for real property' that 'arises from damage to or loss of covered property' caused by hail, wind, or a rainstorm." *Morakabian v. Allstate Vehicle & Prop. Ins. Co.*, 2022 WL 17501024, at *5 (E.D. Tex. Dec. 6, 2022) (quoting Tex. Ins. Code § 542A.001(2)). Chapter 542A applies to this case and has applied to this case since its inception on February 7, 2023. (ECF 1-4).

In its Attorneys' Fees Motion, Travelers moves to deny NewcrestImage's claim for attorneys' fees, contending that NewcrestImage failed to provide Travelers with presuit notice pursuant to § 542A.003 of the Texas Insurance Code. (ECF 22); Tex. Ins. Code § 542A.003. Section 542A.003 requires that "not later than the 61st day before the date a claimant files an action to which this chapter applies in which the claimant seeks damages from any person, the claimant must give written notice to the person in accordance with this section as a prerequisite to filing the action." Tex. Ins. Code § 542A.003. The notice must include:

(1) a statement of the acts or omissions giving rise to the claim;
(2) the specific amount alleged to be owed by the insurer on the claim for damage to or loss of covered property; and
(3) the amount of reasonable and necessary attorney's fees incurred by the claimant, calculated by multiplying the number of hours actually worked by the claimant's attorney, as of the date the notice is given and as reflected in contemporaneously kept time records, by an hourly rate that is customary for similar legal services.

*Id.* § 542A.003(b). Chapter 542A applies to lawsuits against an insurer or agent, including:

(1) an action alleging breach of contract;
(2) an action alleging negligence, misrepresentation, fraud, or breach of a common law duty, or
(3) an action brought under:
    (A) Subchapter D, Chapter 541;
    (B) Subchapter B, Chapter 542; or
    (C) Subchapter E, Chapter 17, Business & Commerce Code.

5

time to give the presuit notice before the limitations period will expire; or (2) the action is asserted as a counterclaim." *Id.* § 542A.003(d).

### III. ANALYSIS

There are three key issues, which the parties dispute, related to NewcrestImage's failure to provide presuit notice and their corresponding ability to recover their attorneys' fees.

The first issue is whether NewcrestImage gave Travelers effective presuit notice pursuant to Chapter 542A of the Texas Insurance Code by including two sections in their Original Petition regarding their intent to pursue claims under Chapters 541 and 542A. (*See* ECF 1-4 at 12–14). This cannot be construed as "presuit notice." The claims asserted in NewcrestImage's Original Petition brought this suit within Chapter 542A; thus, NewcrestImage was subject to providing presuit notice pursuant to Chapter 542A before filing their Original Petition. *See* Tex. Ins. Code §§ 542A.002(1) & (2).

The second issue is whether Travelers timely "pleaded and proved" NewcrestImage failed to provide presuit notice. Travelers timely pleaded and proved in its Original Answer that NewcrestImage is barred from recovering their attorneys' fees for failure to provide presuit notice consistent with Chapter 542A. (ECF 1-7 at 1–2; ECF 17 at 6–7); *see* Tex. Ins. Code. § 542A.007(d). Travelers complied with the language and intent of Chapter 542A by pleading and proving its Chapter 542A defense in its Original Answer. (ECF 1-7 at 1–2); Tex. Ins. Code. § 542A.007(d).

The third issue is whether denying NewcrestImage their attorneys' fees under these circumstances is consistent with the purpose of Chapter 542A. It would run contrary to the purpose of the presuit notice provision in Chapter 542A to find the filing of a lawsuit to qualify as presuit notice. Likewise, it would contradict the apparent intent of the legislature to allow a

petition to which Chapter 542A applies to simultaneously serve as "presuit" notice. After all, the goal of the Texas Legislature with Chapter 542A's presuit notice requirement was to deter unnecessary litigation, not encourage it.[7]

### A. NewcrestImage failed to give presuit notice.

NewcrestImage's Original Petition contained causes of action that brought this lawsuit within the purview of Chapter 542A at the outset. (ECF 1-4); *see* Tex. Ins. Code § 542A.002. Namely, in their Original Petition, NewcrestImage asserted claims for breach of contract and breach of the duty of good faith and fair dealing. (ECF 1-4); Tex. Ins. Code §§ 542A.002(1) & (2). Accordingly, NewcrestImage was required to give presuit notice consistent with Chapter 542A before filing their Original Petition. *See* Tex. Ins. Code § 542A.003. NewcrestImage did not provide presuit notice, nor do they argue that they gave any presuit notice before filing their Original Petition.[8]

In their response to Travelers' Attorneys' Fees Motion, NewcrestImage argues that Chapter 542A's presuit notice requirement was not implicated by the causes of action set forth in their Original Petition. (ECF 26 at 9). Specifically, NewcrestImage argues that "the notice obligation specified in Section 542A.003 is to precede not just an action in which Chapter 542A applies, but one in which the particular 'damages' corresponding to Chapter 542A are sought." (ECF 26 at 7).

NewcrestImage's argument runs contrary to the language of the statute. *See* Tex. Ins. Code § 542A.002. Chapter 542A applies to claims against insurers, including breach of contract

---

[7] NewcrestImage's argument seemingly encourages parties to file lawsuits without providing presuit notice by using a petition/complaint as presuit notice.

[8] The only argument NewcrestImage makes that they provided presuit notice is that they did so in their Original Petition; however, that simply cannot be "pre" i.e., before suit. For reference, Merriam-Webster provides multiple definitions for pre-, including: earlier than; prior to; before; preparatory or prerequisite to; in advance; and beforehand. *See Pre-* Merriam-Webster Dictionary, https://www.merriam-webster.com/dictionary/pre- (last visited October 10, 2023).

8

and other common law duties, which NewcrestImage asserted against Travelers in their Original Petition. *Id.* §§ 542A.002(1) & (2); *see Waco Hippodrome Inc. v. Cent. Mut. Ins. Co.*, 2022 U.S. Dist. LEXIS 224924 (W.D. Tex. Dec. 14, 2022) ("Chapter 542A generally applies to any claim against an insurer, including those for ***breach of contract***, fraud, ***breach of common law duty***, violations of Texas Insurance Code Chapters 541 and 542, and violations of the Texas Deceptive Trade Practices Act.") (emphasis added). There is no question that Chapter 542A, and its presuit notice requirement, has been applicable to this suit since its inception. *See id.* Therefore, NewcrestImage was required to provide Travelers with presuit notice 61 days before filing their Original Petition. *See* Tex. Ins. Code § 542A.003. In their response to Travelers' Attorneys' Fees Motion, NewcrestImage does not contest that presuit notice was not given before the filing of their Original Petition, only that they provided presuit notice in their Original Petition. (*See* ECF 26).

Similarly, NewcrestImage argues that the "presuit notice" provided within their Original Petition was sufficient presuit notice because they had not yet asserted their claims under Chapters 541 and 542A. (*See* ECF 26 at 3; ECF 1-4 at 12–14). However, as noted above, Chapter 542A's presuit notice requirement already applied to the suit, even if they never asserted their additional claims under Chapters 541 and 542A. *See generally Waco Hippodrome*, 2022 U.S. Dist. LEXIS 224924; *see also* Tex. Ins. Code § 542A.002. For that reason, the Court need not look any further into this argument by NewcrestImage; simply put, they failed to give presuit notice before they filed a suit implicating Chapter 542A's presuit notice requirement.

Lastly, the facts do not suggest, nor does NewcrestImage assert, that they were unable to wait the full 61 days because of any limitations period concern.[9] *See* Tex. Ins. Code §

---

[9] Although NewcrestImage does not make the argument regarding the statute of limitations exception, the facts of this case do not implicate the exception contained in § 542A.003(d)(1) because the claim did not accrue until

9

542A.003(d)(1). Likewise, NewcrestImage did not assert this claim as a counterclaim. *See id.* § 542A.003(d)(2). Therefore, neither of the two enumerated exceptions applies to NewcrestImage's decision to file suit prematurely.

Chapter 542A and the existing caselaw establish that to comply with the presuit notice requirement, NewcrestImage was obligated to give Travelers presuit notice before filing this suit. They did not.

### B. Travelers effectively pleaded and proved it was entitled to presuit notice in its Original Answer.

Travelers, in its Original Answer, accurately notes "[c]hapter 542A of the Texas Insurance Code applies to NewcrestImage's lawsuit as it is an action on a claim under an insurance policy covering real property that arises from alleged wind or hail damage." (ECF 1-7 at 1). Travelers then cites to § 542A.003 and explains its right to receive sixty days of presuit notice and that NewcrestImage failed to comply with § 542A.003. (*Id.* at 1–2). Additionally, Travelers asserts that NewcrestImage is not entitled to recover their attorneys' fees after the date of the Original Answer—March 6, 2023.[10] (*Id.*).

The Court finds that the pleadings contained in Travelers' Original Answer satisfy the requirements of § 542A.007(d). (ECF 1-7 at 1–2); *see Rahe v. Meridian Sec. Ins. Co.*, 2022 WL 614995, at *2 (N.D. Tex. Feb. 28, 2022) (Brown, J.) (finding defendant-insurer's pleadings in its original answer to deny attorney fees in an action under Chapter 542A of the Texas Insurance Code complied with the requirements of § 542A.007(d)). In *Rahe*, the court wrote: "in its original answer, Defendant requests the Court deny Plaintiff's claim for attorneys' fees from

---

November 28, 2022. *See Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 221 (Tex. 2003) (noting a claim under the Texas Insurance Code related to denial of coverage does not accrue until the insurer denies coverage). Therefore, there was ample time to provide presuit notice before the statute of limitations would have been an issue.

[10] Travelers followed the same procedure in its Amended Answer, reasserting NewcrestImage should be denied their attorneys' fees. (ECF 17).

March 9, 2021, onward. The Court finds these pleadings satisfy the requirements of § 542A.007(d)." *Id.* (internal citations omitted). Ultimately, the court in *Rahe* denied Plaintiff's attorneys' fees from the date of the defendant-insurer's original answer—March 9, 2021—not from the date of the motion to deny attorneys' fees. *Id.* at *3. And like this case, in *Rahe*, the motion to deny attorneys' fees came over 30 days after the original answer. *See id.*

The pleadings specifically denying NewcrestImage their attorneys' fees in Travelers' Original Answer are proper pursuant to the language of the statute. *See* Tex. Ins. Code § 542A.007(d). And many federal courts in Texas have come to the same conclusion on this issue. *See Rahe*, 2022 WL 614995, at *2; *see also Ansah v. Nationwide Prop. and Cas. Ins. Co.*, 2023 WL 6049519, at *1, *3 (S.D. Tex. Sep. 15, 2023) ("Defendant filed its Answer on July 7, 2023. Defendant pleaded [in its answer] that plaintiff did not provide adequate presuit notice… Plaintiffs will not be awarded attorney's fees incurred in this action starting on July 7, 2023.") (internal citations omitted); *Gilbane Bldg. Co., Inc. v. Swiss Re Corp. Sols. Elite Ins. Co.*, 2023 WL 2021014, at *1, *3 (S.D. Tex. Feb 15, 2023) ("Defendants filed their answers on August 22, 2022, pleading that Plaintiff had failed to send them required presuit notice. Defendants filed their Motion to Preclude Attorney's Fees on September 16, 2022…Plaintiff will not be awarded attorney's fees incurred in this action starting on August 22, 2022") (internal citations omitted); *Douglas v. Landmark Am. Ins. Co.*, 2023 WL 3089976, at *2–3 (W.D. Tex. Feb. 2, 2023) ("It's undisputed that Landmark pleaded in its state court answer on July 22, 2022—before the case was removed—that it didn't receive notice…Landmark has proved it did not receive presuit notice…"); *Hlavinka Equip Co. v. Nationwide Agribusiness Ins. Co.*, 546 F.Supp.3d 534, 536 (S.D. Tex. 2021) ("Defendant successfully pled and proved it was entitled to pre-suit notice in its Original Answer…this Court cannot award Plaintiff attorney's fees incurred after January 14,

2021, the date on which Defendant filed its pleading [original answer] asserting that it was entitled to but not given presuit notice").

In NewcrestImage's Response to Travelers' Attorneys' Fees Motion, NewcrestImage argues that Travelers' specific denial of attorneys' fees in its Original Answer is not the type of pleading that is called for by Chapter 542A. (ECF 26 at 4–5). NewcrestImage argues that Travelers had to file its Attorneys' Fees Motion within 30 days of its Original Answer. (*Id.* at 5). Two of the cases NewcrestImage relies on in making this argument do not address the precise issue before the Court.[11] And the other cases NewcrestImage relies on are so procedurally different from this case that they lack persuasive value.[12]

In making their argument, NewcrestImage points out that Travelers did not file its Attorneys' Fees Motion until 86 days after filing its Original Answer in state court. (ECF 26 at 5). NewcrestImage claims a *motion* to preclude attorneys' fees must be filed within 30 days of the defendant-insurer's original answer.[13] NewcrestImage seemingly argues that Travelers was not asserting its Chapter 542A defense until filing its Attorneys' Fees Motion, but Travelers had already made that assertion in its Original Answer. (ECF 1-4). Travelers filed its Attorneys' Fees

---

[11] *See Jordan Indus., LLC*, 2022 WL 2719630, at *4 (N.D. Tex. Apr. 12, 2022) (not addressing the sufficiency of the defendant-insurer's pleading asserting its presuit notice defense in its original answer; instead, treating the motion to deny attorney's fees as the first time the defendant-insurer pleaded and proved it was not given presuit notice); *N.Y. Inn Inc. v. Associated Ins. Co.*, 2023 Bankr. LEXIS 985 (N.D. Tex. Bankr. Apr. 12, 2022) (Chapter 542A was not implicated by the claimant's original petition; thus, the presuit notice defense was not relevant when the defendant-insurer filed its original answer).

[12] *See Waco Hippodrome Inc. v. Cent. Mut. Ins. Co.*, 2022 U.S. Dist. LEXIS 224924 (W.D. Tex. Dec. 14, 2022) (finding that failing to give presuit notice in an earlier lawsuit has no continued relevance on a subsequently filed lawsuit); *Janise v. United Prop. & Cas. Inc. Co.*, 2020 WL 389084, at *3 (E.D. Tex. Feb. 3, 2021) (noting that defendant-insurer did not have a live answer on file at the time of the court's opinion, so the court could not even consider the answer when making a ruling on the defendant-insurer's attorney's fees motion).

[13] The Court notes that a defendant-insurer *can* plead and prove it did not receive presuit notice in a motion, but that is not the *only* way to do so. *See Shiv Partners Ltd. v. Ohio Cas. Ins. Co.*, 2020 U.S. Dist. LEXIS 220795 (W.D. Tex. Jun 30, 2020).

Motion to have the Court make a pretrial ruling that NewcrestImage should not be able to recover its attorneys' fees for failure to give presuit notice.[14]

Moreover, the Court generally disagrees with NewcrestImage's interpretation of § 542A.007(d). Importantly, the term "motion" is nowhere to be found in the entirety of Chapter 542A. *See* Tex. Ins. Code Ch. 542A. Likewise, § 542A.007(d) does not state that a pleading cannot be contained within a defendant's answer; instead, § 542A.007(d) provides only a deadline by which the pleading must be filed. The Court interprets the language in the statute to establish a timeline or deadline for a defendant-insurer to plead its Chapter 542A defense, not a requirement that the defendant-insurer file a pleading separate from its answer within 30 days. In other words, the Court construes the 30-day deadline in the statute as providing an outer time limit for a defendant-insurer to assert it did not receive presuit notice, not a restriction on the vehicle by which a party can plead and prove it did not receive presuit notice.

Travelers' pleading in its Original Answer satisfied § 542A.007(d). *See* Tex. Ins. Code § 542A.007(d). Accordingly, NewcrestImage should be denied their attorneys' fees from the date of Travelers' Original Answer on March 6, 2023, in which it pleaded and proved that it was entitled to presuit notice, not the date of the motion before the Court. (*See* ECF 1-7).

### C. Denying NewcrestImage their attorneys' fees is consistent with the legislative intent of Chapter 542A.

The purpose of Chapter 542A's presuit notice requirement is to "discourage litigation and encourage settlements of consumer complaints." *Hines*, 843 S.W.2d at 469 (quoting *John Walter Homes, Inc. v. Valencia*, 690 S.W.2d 239, 242 (Tex. 1985). Giving the defendant-insurer 61

---

[14] The motive behind why defendant-insurers file separate motions after effectively pleading and proving they did not receive presuit notice in an answer has numerous logical explanations. For example, if a court grants the defendant-insurer's motion to deny a claimant's attorney's fees for failure to give presuit notice, the plaintiff may be disincentivized from carrying on with the litigation. This logic reinforces the legislative intent of the presuit notice requirement by denying attorneys' fees to parties who do not give presuit notice and discouraging unnecessary litigation.

days' presuit notice encourages the defendant-insurer to make its best effort to settle the claim before litigation ensues. *See id.*; *see also Tadeo*, 2020 WL 4284710, at *3 ("Where, as here, a plaintiff asserts a claim under Chapter 542A of the Texas Insurance Code, a plaintiff is required to give the defendant 60 days presuit notice in order to encourage settlement and allow the insurance company the opportunity to elect to accept liability…").

NewcrestImage filed this lawsuit implicating Chapter 542A's presuit notice requirement without providing presuit notice. *See* Tex. Ins. Code § 542A.007(d). Instead, NewcrestImage tried to provide their presuit notice to Travelers in their Original Petition. (ECF 1-4). As noted above, this is not only improper, but it is also directly contrary to the purpose of the presuit notice requirement in Chapter 542A. Consistent with the plain language of § 542A.007(d), NewcrestImage's decision to prematurely file this suit precludes them from recovering their attorneys' fees in this action. *See* Tex. Ins. Code § 542A.007(d).

Lastly, Travelers acted consistently with § 542A.007(d) by pleading and proving in its Original Answer that NewcrestImage failed to provide the required presuit notice and that, because of NewcrestImage's failure to provide presuit notice, they are barred from recovering their attorneys' fees. (ECF 1-7 at 1–2); Tex. Ins. Code § 542A.007(d). As noted above, § 542A.007(d) reads as follows: "the court may not award the claimant any attorney's fees incurred after the date the defendant files the ***pleading*** with the court. A ***pleading*** under this subsection must be filed not later than the 30th day after the date the defendant files an original answer in which the action is pending." Tex. Ins. Code § 542A.007(d) (emphasis added). In this case, Travelers timely filed its pleading under subsection 542A.007(d) in its Original Answer, so the Court will not, and cannot, award any attorneys' fees to NewcrestImage incurred after that date. *See id.*

Based on the foregoing, because NewcrestImage failed to give the required presuit notice to Travelers, NewcrestImage should not be entitled to its attorneys' fees in this action. *See id.* The Court does not have to venture beyond the statutory language contained in Chapter 542A to determine that this opinion is consistent with the legislative intent of Chapter 542A.

## IV. CONCLUSION

Travelers' Motion to Preclude Attorneys' Fees is GRANTED because NewcrestImage failed to provide presuit notice. Pursuant to Texas Insurance Code § 542A.007(d), this Court cannot award NewcrestImage's attorneys' fees incurred after March 6, 2023, the date on which Travelers filed its Original Answer asserting that it was entitled to, but was not given, presuit notice. It is therefore ORDERED that Plaintiffs' claims for attorneys' fees after March 6, 2023, are DENIED.

IT IS SO ORDERED.

ENTERED October 17, 2023.

_____
LEE ANN RENO
UNITED STATES MAGISTRATE JUDGE